CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT L. HARRIS, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:10CV00327<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| SANDRA VASS, ET AL., | ) By: Glen E. Conrad<br>) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Robert L. Harris, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Harris alleges that a nurse at the Halifax Correctional Unit #23 violated his constitutional rights when she refused to change her gloves while administering TB tests. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Harris alleges the following sequence of events on which his claims are based. On October 27, 2009, while he was waiting his turn in the medical unit, Harris saw Nurse Vass giving other inmates their TB skin tests and noticed that she did not change her gloves after each procedure. He saw blood on one inmate's arm. Fearing that he might be infected with a chronic disease like "MYRSA" or "HIV" if he came into contact with another inmate's blood, Harris demanded that Vass change her gloves before treating him. She refused, saying that if she did that for him, she would have to do it for every inmate.

Harris sues Nurse Vass, the Unit superintendent, and the Director of the Virginia Department of Corrections (VDOC). He seeks three million dollars in monetary damages and declaratory relief, stating that he has a constitutional right to be free from the negligence of prison officials.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." After a review of Harris' allegations, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327 (1986). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective

element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Harris does not allege that he suffered any physical injury whatsoever from his encounter with Nurse Vass on October 27, 2009, or that he came into contact with another inmate's blood during the procedure that she performed on him. Therefore, to the extent that he is complaining about Nurse Vass' gloves as a hazardous living condition, he states no constitutional claim here.

To the extent that Harris is claiming that Nurse Vass was negligent in her duties as a nurse, he also states no constitutional claim.[1] To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate plaintiff must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 105-06. Harris alleges no facts suggesting that Nurse Vass knew her methods would cause anyone harm. At the most, he alleges that she acted negligently. These allegations state no constitutional claim and must be dismissed, pursuant to § 1915A(b)(1).

Finally, Harris states no constitutional claim against the superintendent or the VDOC director. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990). The supervisory officials Harris

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not claims arising only under state law, such as negligence claims. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Any claims that plaintiff may have under state law for negligence are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

has named, with no medical training, could reasonably rely on the nurse's determination that appropriate safety measures had been followed in administering the TB tests. Accordingly, all claims against the superintendent and the director will be dismissed, pursuant to § 1915A(b)(1).

## Conclusion

For the stated reasons, the court concludes that plaintiff's complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will enter this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of July, 2010.

_____
Chief United States District Judge